**In re PRESIDENT CASINOS, INC., et al., Debtors.**

**President Casinos, Inc., President Riverboat Casino–Missouri, Inc.**

No. 02–53005–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Sept. 14, 2004.

Leonora S. Long, St. Louis, MO, Office of the United States Trustee.

David A. Warfield, Blackwell Sanders Peper Martin LLP, St. Louis, MO, for Unsecured Creditors Committee.

## ORDER ON BIDDING PROCEDURES

JAMES J. BARTA, Chief Judge.

This matter concerns the motion of President Casinos, Inc. ("PCI") and President Riverboat Casino–Missouri, Inc. ("PRC–MO") (collectively, "Debtors") styled, "Motion For Orders (A) Authorizing Sale Of Assets Free And Clear Of All Liens, Claims, And Encumbrancers, Subject To Higher And Better Offers, (B) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (C) Establishing Sale And Bidding Procedures, And (D) Approving Break–Up Compensation And Expense Reimbursement". After notice, one written objection was filed on behalf of Pinnacle Entertainment, Inc. ("Pinnacle"). The Court considered oral arguments at a hearing on September 8, 2004 and announced its determinations and orders from the bench.

This is a core proceeding pursuant to Section 157(b)(2)(A) and (O) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 81–9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The requests in the Debtors' motion are interrelated and were therefore properly submitted in a single pleading. As a result of these proceedings, the Court has addressed the request for break-up compensation in a separate Order. The remaining requests are discussed in this Order.

Initially it is important to note that the Court is not being asked to approve the sale of specific assets to a specific purchaser at this time. The Debtors and the Official Creditors' Committee have entered into a Sale and Purchase Agreement ("Agreement") to sell Closing Shares and certain Trademarks to Penn National Gaming, Inc. ("Penn"), subject to certain conditions including the possibility of higher and better offers. The matter being considered here concerns the Debtors' requests for authorization to sell certain assets, approval of the bid procedures in connection with the sale, approval of the assumption and assignment of certain executory contracts, and approval of a break-up fee.

In the separate Order, the Court granted the request for a break-up fee in part. The Court approved as an expense of administration, a break-up fee in the amount of $250,000.00, and denied without prejudice, a request to approve an additional fee in the amount of $750,000.00.

In the matter being considered here, the Sale and Purchase Agreement, the proposed Bidding Procedures and other documents related to the sale contain several contingencies and alternatives, some of which will be controlled by events outside the Bankruptcy case. The Bidding Procedures and other documents refer to a break-up fee in an amount that includes the $750,000.00 that was not allowed by the Court's separate order. The Bidding Procedures also allow for a sale of assets other than the specific assets that are the subject of Penn's purchase offer, or a combination of the Debtors' assets.

It is generally anticipated that a case under Chapter 11 will result in confirmation of a plan of reorganization. The sale of all or substantially all of the estate assets in the absence of a confirmed plan is not forbidden, but is subject to close scrutiny by creditors and the court. 11 U.S.C. § 363. When permitted, the sale must comply with the Bankruptcy Code with an

appreciation for commercial reasonableness, good business judgment and common sense; and an understanding of the effect the entire proceeding may have on the community in which the Debtor operates.

Although there is a strong argument in support of prior court approval of bid procedures, and in most circumstances such approval is appropriate, there is no section under the Bankruptcy Code that requires the Court to establish bid procedures under Section 363. Court approval is often helpful because of the sense of predictability and orderliness that it conveys. Occasionally, when unknown or unforeseen circumstances occur, a court order approving the bid procedures will be ineffectual.

Structured bid procedures should provide a vehicle to enhance the bid process and should not be a mechanism to chill prospective bidders' interests. In the matter being considered here, the Court has denied a portion of the otherwise agreed upon break-up fee, possibly disturbing the carefully constructed Purchase Agreement; at least one other competing bid is known to exist, and the offer was apparently enhanced at the hearing on this motion; and as noted earlier, the sale of estate assets here may be at least influenced by, if not directed by, events and decisions outside the Chapter 11 case. For these reasons, Court approval of the bid procedures would not enhance the bid process and may in fact chill bidder interest. See generally, *In re Wintz Companies (George Wintz v. American Freightways, Inc. and Charles W. Ries, Trustee)*, 230 B.R. 840, 845–847 (8th Cir. BAP 1999), *citing In re Food Barn Stores, Inc. (Four B. Corporation v. Food Barn Stores, Inc.)*, 107 F.3d 558 (8th Cir.1997).

**IT IS ORDERED** that this matter is concluded; and that the request of Pinnacle to be substituted in place of Penn in all respects in the Sale and Purchase Agreement, as set out in Pinnacle's objection here, is denied; and that so much of this motion that is a request for an order establishing sale and bidding procedures is denied as set out herein; and

That so much of this motion that is a request to approve the assumption and assignment of certain executory contracts and unexpired leases is denied; and

That so much of this motion that is a request to approve a sale of assets other than in the ordinary course of the Debtors' business is granted as set out herein; and that the Debtors are authorized to conduct a sale of estate assets subject to a competitive bidding process other than in the presence of the Court, using procedures that are open, reasonable, fair and consistent with the Bankruptcy Code and other applicable law; and

That the Debtors are to contact the Courtroom Deputy to obtain the necessary hearing dates.

**IT IS FURTHER ORDERED** that the Debtors are to mail a copy of this Order to all interested parties and thereafter file a certification of such mailing with the Clerk of the United States Bankruptcy Court.